WILLIAM FLEMING, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95061. Promulgated January 7, 1941.

*R. B. Cannon, Esq.*, and *Harry C. Weeks, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, and *James L. Backstrom, Esq.*, for the respondent.

OPINION.

ARUNDELL: The issues in this proceeding have been enumerated at the outset and will be considered in the order there set forth.

### Issue No. 1.

We are called on here to say whether petitioner may apply the whole of the proceeds received during the taxable year 1935 under the Haddaway Oil Payment to the cost of that payment as claimed by him or may thus apply only the portion representative of cost and report the residue as taxable income as claimed by the respondent. The petitioner concedes on brief that the issue here is substantially the same as that presented in *T. W. Lee*, 42 B. T. A. 1217. In that case contrary to the contentions of both parties in the instant case, we held that the basis of oil payments which represented an economic interest in the oil properties to which they applied, as evidenced either plainly by an assignment to the payee of the oil interest out of which the payments were to be made or more remotely by other factors, must be recovered through depletion. Accordingly, we held that proceeds received under such oil payments must be included in taxable income, with appropriate deductions for depletion. The disposition of the present case is governed by that holding. In the situation before us there was an assignment of the interest from which the payments were to be made and accordingly no close question arises as in *T. W. Lee, supra.* It is clear that petitioners had an economic interest in the oil payment recoverable only through depletion.

Accordingly, petitioner must include in income the entire amount of the proceeds received during the taxable year under the oil payments and is not entitled to the allowance for the return of cost made by the respondent.

### Issue No. 2.

The question here is whether the petitioner, trustee, is entitled to deduct the entire depreciation and depletion that may be allowed on the trust income for the taxable year where the pertinent provisions of the trust instrument do not direct whether the trustee or the beneficiary shall take the deduction, and the distribution of the income is placed entirely in the discretion of the trustee. The respondent claims that under section 23 (1) and (m) of the Revenue Act of 1934 [2] al-

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

 *  *  *  *  *  *  *

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable

lowance for depreciation and depletion must be divided, in the absence of specific trust provisions, between the trust and the beneficiary on the basis of the amount of income distributed and retained in that year. The petitioner contends that, properly interpreted, the statute awards the allowance only to those to whom the trust income is "allocable" under the trust instrument and that in the present case the income was in the first instance allocated entirely to the trustee. Distributions made thereafter in his discretion, argues the petitioner, do not alter this result.

The statute when properly read in the light of the circumstances attendant on its enactment does not support petitioner's view. Prior to the Revenue Act of 1928 it was held in the case of a trust, the income of which was currently distributable, that the allowance for depreciation and depletion might not be deducted by the beneficiary but only by the trust, even though it retained no income against which the deduction might be applied. See *United States* v. *Blow*, 77 Fed. (2d) 141; *Charles F. Grey*, 41 B. T. A. 234, 242. The following provision was thereupon added to section 23 (k) and (l) of the Revenue Act of 1928 and made applicable to both depletion and depreciation deductions:

In the case of property held in trust the allowable deduction [for depreciation and depletion] shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provision, on the basis of the trust income allocable to each.

The purpose of this change in the law was to eliminate the "considerable hardship" which was imposed on the beneficiaries under prior law and to secure to them their fair portion of these allowances in proportion to the income distributable to them. See Senate Report No. 960, Revenue Act of 1928, (70th Cong., 1st sess.) p. 20. See also *Sue Carol*, 30 B. T. A. 443, 447, 448; *Sada G. Wilson Blake*, 39 B. T. A. 793.

The force of these facts in the instant case requires the apportionment of the allowance here in question between the trust and the beneficiary. The single factor which stands out against it is the uncontrolled power in the trustee to determine the amount of income to be distributed in any year. This placing of the trust income under

---

deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; * * *. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each. * * *

the control of the trustee does not, however, constitute the allocation contemplated by the statute. The theory of the petitioner that the income is in the first instance allocable in toto to the trustee is not decisive of the question. That is true in all cases where a trustee receives and distributes income, in that it must first go to the trustee before it can be distributed to the beneficiaries. In view of its purpose to insure a fair portion of the allowance to the beneficiary, the statute properly goes beyond the act of placing the funds in a position for distribution and takes account of the distribution itself.

The argument of the petitioner consists principally in a request that the allowance here in question be governed by his bookkeeping practice, but, against what we deem the plain direction of the statute, his position may not be sustained.

Respondent's method of computing the allowance is accordingly affirmed.

*Decision will be entered under Rule 50.*